PETER COMPTON, *et al.*, Plaintiffs in Error, *vs.* JAMES R. AR-
NOLD, Defendant in Error.

1. *Practice, civil—Trials—Bonds, loss of—Parol testimony.*—When a bond is
given in a cause and is afterwards lost, its contents may be proved in that
cause by parol testimony.

### Error to Washington Circuit Court.

*G. I. Van Alen,* for Plaintiffs in Error.

I. The action of the court was clearly erroneous; the statute
provides the manner in which lost papers and records may
be supplied. (W. S., 1137.)

II. There was no bond on file and the introduction of evi-
dence on the 13th, to sustain the judgment entry of the 6th of
February, was contrary to law, and without any law to sus-
tain it.

*Detchemendy & Arnold,* for Defendant in Error.

I. The judgment was properly rendered against the
sureties. (W. S., 1026, §§ 11, 12; Strain vs. Murphy, 49 Mo.
337.)

II. The sureties were both before the court resisting the
bond being supplied, and it was not necessary that a writ should
issue before the court could acquire jurisdiction of them.

WAGNER, Judge, delivered the opinion of the court.

The only error complained of, is the action of the court in
entering up judgment against the sureties on plaintiff's bond.
It seems that the plaintiff commenced an action before a
justice of the peace to recover possession of a horse, and the
case was finally appealed to the Circuit Court, where judg-
ment was rendered for the defendant. In the latter court it
was shown, that the bond given by the plaintiff was lost, and
testimony was admitted by the court as to the character of
the bond, and who were the sureties.

Upon this evidence the court gave judgment against the
sureties. The sureties appeared, and objected to the admis-
sion of any evidence concerning the bond, and insisted that
the same could not be proved or supplied in that way; but
the court decided otherwise.

The sureties were before the court. They appeared and contested the very facts on which judgment was pronounced. If the bond was lost or destroyed, there was no valid reason against hearing secondary evidence of its contents. The evidence seems to have been sufficient to satisfy the court, and with its decision on the facts we will not interfere. The statute in relation to supplying lost records, which has been been relied on, does not apply to this case.

Let the judgment be affirmed. The other judges concur.

———o———

